## No. 25000

### The People of the State of Colorado v. Ronald D. Harrington, a/k/a Ronald Dean Harrington
(500 P.2d 360)

Decided August 28, 1972.

314

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Donald G. Drummond, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Ronald D. Harrington, *pro se* and without the advice of counsel, tendered a plea of guilty to simple robbery. His guilty plea was accepted by the court, and he was sentenced to a term in the Colorado State Penitentiary. Thereafter, the defendant filed a motion, pursuant to Crim. P. 35(b), seeking to vacate his plea of guilty and to obtain a jury trial on his plea of not guilty by reason of insanity. After his motion was denied, he brought this appeal. He contends that his motion should have been granted and his guilty plea vacated. He alleges that he did not knowingly and intelligently waive his right to a jury trial on the issue of insanity before he changed his plea. We agree that the plea must be vacated and that the defendant must be granted the right to enter a new plea.

The record reflects that at the time the defendant was initially arraigned, he was advised of his right to a jury trial and his right to appointed counsel. He initially declined the court's offer of appointed counsel and entered a plea of not guilty and not guilty by reason of insanity. As a result of the defendant's insanity plea, the court ordered the defendant examined at the Colorado State Hospital. At the conclusion of the examination period, a report was submitted to both the defendant and to the court. The report stated that the examining physicians had all expressed the opinion that the defendant was legally sane. Thereafter, the defendant was

brought before the court and asked whether he wished to persist in his plea of not guilty by reason of insanity. His answer was that he wanted to have a second psychiatric evaluation. The court denied the defendant's request and again asked the defendant what he wished to do. The defendant replied that he would withdraw his plea of not guilty by reason of insanity and enter a plea of guilty to simple robbery. The court accepted the plea of guilty without informing the defendant of his right to a jury trial on the sanity issue and without fully advising him of his right to the assistance of counsel. The defendant now claims that he was unaware that his insanity defense was not foreclosed by the adverse report from the Colorado State Hospital. He asserts that he was not advised and did not realize that he could continue with his defense of insanity with the assistance of counsel after the reports which set forth the opinion that he was sane were made.

A valid plea of guilty waives substantially all the fundamental procedural rights afforded the accused in a criminal proceeding. By pleading guilty, an accused waives his rights to the assistance of counsel, confrontation of witnesses, and trial by jury. In this case, the defendant claims that his plea was not valid because it was not an intelligent, voluntary choice. He was not advised that he could continue his insanity defense nor that he could have a jury trial on that issue, and he asserts that he did not know of these rights. For a waiver of a fundamental right to be valid, the defendant must voluntarily, knowingly, and intentionally relinquish that right. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). On review, every reasonable presumption against waiver must be indulged, and the record must affirmatively show that the accused understandingly and voluntarily waived the constitutional right which is in issue. *See, e.g., Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964). If there is some showing of an affirmative waiver, the burden of proof rests with the defendant to show by a preponderance of the evidence that

his apparent waiver was not effective. *Sandoval v. Tinsley,* 338 F.2d 48 (10th Cir. 1964).

 The trial court's limited inquiry and inadequate compliance with the constitutional requirements which are set out in Crim. P. 11 vitiates the plea of guilty. *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); *Westendorf v. People,* 171 Colo. 123, 464 P.2d 866 (1970); *Martinez v. People,* 152 Colo. 521, 382 P.2d 990 (1963). In this particular case, the errors that dictate reversal were that the defendant was not advised of his rights to counsel and jury trial on the issue of insanity.

The ultimate test is whether there has been an intelligent and knowing waiver. *See Spanbauer v. Burke,* 374 F.2d 67 (7th Cir. 1966), *cert. denied,* 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127 (1967). The failure of the trial court to advise or to make a proper inquiry precludes our treating the defendant's plea as a voluntary and intelligent waiver of his constitutional rights.

Therefore, the conviction and sentence are vacated, and the cause is remanded with directions that the defendant be allowed to withdraw his plea of guilty and be permitted to plead anew.

MR. JUSTICE DAY not participating.