I would affirm the judgment of the court of appeals.

The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Andrew ROYBAL, Defendant–Appellant.

No. 79SA389.

Supreme Court of Colorado,
En Banc.

Sept. 15, 1980.

As Modified On Denial of Rehearing
Nov. 17, 1980.

---

**3.** It requires no appraisal expertise to conclude that an undivided one–half interest in a piece of real property in not worth one–half the value of the entire real property.

See also Colo., 617 P.2d 800.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Anthony M. Marquez, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant–appellant.

LOHR, Justice.

Andrew Roybal appeals from his conviction in district court for Driving After Judgment Prohibited, section 42–2–206, C.R.S. 1973. We reverse.

On June 19, 1977, the appellant was driving an automobile and ran over a curb and into a telephone pole. The police investigated the accident and discovered that the appellant's driver's license had been revoked because of his status as an habitual traffic offender. Thereafter, the appellant was charged with Driving After Judgment Prohibited. He waived his right to jury trial and was tried to the court. His resulting conviction is the basis for this appeal.

Section 42–2–203, C.R.S. 1973, grants the Colorado Department of Revenue, Motor Vehicle Division (DMV), authority to revoke the driver's license of an habitual traffic offender.[1] An habitual traffic offender is any person who, after notice and hearing, is found to have sustained a designated number of convictions for specified traffic offenses within a prescribed period of time. Section 42–2–202, C.R.S. 1973. Operating a motor vehicle while such a revocation is in effect constitutes the class 5 felony of Driving After Judgment Prohibited. Section 42–2–206, C.R.S. 1973.

The appellant challenges his conviction on two principal grounds. The first, which we reject, is a multi–pronged attack on the constitutionality of the habitual traffic offender statute. The second raises serious issues concerning the constitutionality of one of the traffic convictions underlying the DMV's determination that the appellant is an habitual traffic offender. Because we conclude that the trial judge applied the wrong standard for burden of proof in testing the validity of that underlying conviction, we reverse the judgment of the trial court.

I.

The constitutional issues raised by the appellant in attacking the habitual traffic offender statute were resolved in favor of the statute's constitutionality in *People v. McKnight*, Colo., 617 P.2d 1178 (1980). The appellant has advanced no arguments which persuade us to reconsider that decision.

II.

The appellant first asserted the invalidity of one of the traffic offense convictions underlying his habitual traffic offender sta-

1. The statute uses the term "habitual offender"; we use the term "habitual traffic offend- er" to avoid confusion with other habitual criminal statutes.

tus in closing argument in the instant case.[2] He contends that one of the convictions was entered in violation of his constitutional right to the assistance of counsel. *U.S. Const.* amends. VI, XIV; *Colo. Const.* art. II, § 16. He argues that this violation renders his license revocation invalid and destroys an essential part of the foundation for his conviction for Driving After Judgment Prohibited.

In the course of closing argument, and over the objection of the district attorney, the appellant was permitted to reopen his case to present a factual basis for his contention that one of the traffic offense convictions was invalid. That conviction was based upon the appellant's plea of guilty.

Roybal testified that he could not remember any details of the proceedings resulting in the challenged conviction. He had been involved in several county court traffic proceedings and remembered being represented by an attorney from the public defender's office most of the time. He had no specific recollection of particular cases or hearings.

The trial judge took judicial notice of the county court file with respect to the challenged conviction. It contained no indication whether Roybal was represented by counsel. That file was not made part of the record on appeal. The custodian of the county court records testified that the file would indicate the appearance of counsel if counsel had filed motions or documents or "[i]f the attorney entered his appearance on the case file."[3] The records custodian testified that tapes of the county court proceedings had been erased, consistent with a policy that such records be erased after six months if no appeal is taken. No other evidence with respect to representation by counsel was presented.

The trial court determined that the appellant had the burden of showing a constitutional violation by clear and convincing evi-

dence. The trial court denied the appellant's motion for judgment of acquittal or in the alternative for new trial, based on the conclusion that the appellant had not met that burden. Sentence was imposed and Roybal appealed.

### A.

■ Our recent decisions have established that a defendant charged with Driving After Judgment Prohibited, section 42–2–206, C.R.S. 1973, may attack the constitutional validity of traffic offense convictions which establish the basis for the defendant's habitual traffic offender status. *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979); *see People v. Able,* Colo., 618 P.2d 1110 (1980). This rule is founded on the principle that an unconstitutionally obtained conviction cannot be used in a later proceeding to support guilt or enhance punishment. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *People v. Heinz, supra*; *see United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *but cf. Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (discussed in Part B, *infra*). If the appellant was entitled to counsel at the earlier proceeding, and if that right was denied or if there was no valid waiver of counsel by the defendant, a conviction resulting from that proceeding could not be used as part of the foundation for the criminal sanctions prescribed by section 42–2–206, C.R.S. 1973.

### B.

■ The right to counsel does not depend upon a state legislature's classification of the crime charged. Absent a knowing and intelligent waiver, no person may be imprisoned for any offense however classified unless he was represented by counsel at his trial. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v.*

---

2. The appellant's habitual traffic offender status was based upon section 42–2–202(2)(a), C.R.S. 1973, not on section 42–2–202(3), C.R.S. 1973.

3. The custodian also testified "No one entered their appearance on the face of the file. There seems to be nothing within the file that would indicate that there was an attorney representing him. However, there is a public defender in each one of the criminal courts at all times."

*Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

The challenged traffic offense conviction was for driving under revocation in violation of section 42–2–130(1)(a), C.R.S. 1973 (1979 Supp.), an offense punishable by a mandatory jail sentence[4] of not less than five days nor more than six months. The record does not reflect whether the appellant was actually imprisoned, so it cannot be determined whether the appellant had the right to counsel in the traffic offense proceeding.

Even if the appellant had no right to counsel in the traffic offense proceeding because no imprisonment was imposed, the question remains whether a conviction obtained without benefit or waiver of counsel may be used as a foundation for a subsequent conviction which results in a sentence of imprisonment. In 1980 the United States Supreme Court decided two cases bearing on this question. In *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), it was held that a prior conviction obtained without benefit or waiver of counsel may not be used to increase a sentence for a later conviction even if no imprisonment was imposed for the prior conviction. However, in *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), a felony conviction so obtained, which resulted in a sentence of imprisonment, was permitted to support a federal criminal charge of possession of a firearm by a convicted felon. In *Lewis* the majority found that the federal statute unambiguously prohibits possession of a firearm by a convicted felon despite the fact that the predicate felony may be subject to constitutional attack. The United States Supreme Court found that the legislative focus was on the fact of prior conviction and not on the reliability of that conviction. *Burgett v. Texas, supra,* and its progeny

were distinguished on that basis. In *Lewis* the Court concluded that neither the constitutional right to equal protection embodied in the due process clause of the Fifth Amendment nor the Sixth Amendment right to counsel was violated by the criminal statute.

Although the lesson of *Baldasar* and *Lewis* is not free from doubt, it appears that the United States Constitution does not always prohibit collateral use of uncounseled convictions to increase the penalty for subsequent criminal misconduct, but that only in the clearest of cases will a statute be construed to permit such use.[5] This is consistent with the federal rule of statutory construction that the ambit of criminal statutes should be resolved in favor of lenity. *See, e. g., Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Rewis v. United States,* 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971).

■ Colorado criminal statutes are to be strictly construed in favor of the accused. *E. g., Pigford v. People,* 197 Colo. 358, 593 P.2d 354 (1979); *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977). This rule of statutory construction is very similar to the federal rule of lenity. The Driving After Judgment Prohibited statute on its face does not preclude collateral attack on the underlying traffic convictions.

■ A statute also must be construed in a manner consistent with constitutional requirements whenever such a construction is reasonable and practical. *See Colorado State Board of Medical Examiners v. Jorgensen,* Colo., 599 P.2d 869 (1979); *Mr. Lucky's, Inc. v. Dolan,* 197 Colo. 195, 591 P.2d 1021 (1979); *People v. Gym of America, Inc.,* 177 Colo. 97, 493 P.2d 660 (1972). Therefore, it is necessary to attempt to construe the Driving After Judgment Pro-

---

4. If the defendant establishes that he had to drive the motor vehicle because of an emergency, the otherwise mandatory jail sentence does not apply. Section 42–2–130(1)(a), C.R.S. 1973 (1979 Supp.).

5. Further development of the law will be necessary to determine whether *Baldasar* and *Lewis*

can truly be reconciled. The four dissenters in *Baldasar* state that "The conflict between the two holdings could scarcely be more violent." *Baldasar v. Illinois,* 446 U.S. 222, 234, 100 S.Ct. 1585, 1592, 64 L.Ed.2d 169, 179 (1980), n. 3.

hibited statute in a manner consistent with the constitutional requirements of *Baldasar v. Illinois, supra.*

 One of the reasons that imprisonment is not constitutionally permissible as a penalty for a conviction obtained without benefit or waiver of counsel is that a conviction so obtained is not sufficiently reliable to support the severe sanction of deprivation of liberty. *See Baldasar v. Illinois, supra* (concurring opinion of Justice Marshall); *Argersinger v. Hamlin, supra.* This same concern about the reliability of such a conviction militates against its use to increase punishment for conviction of a subsequent offense. Whether the prior conviction resulted in imprisonment is irrelevant to its reliability.

 The foregoing rules of statutory construction and considerations of policy guide us in our interpretation of the statute. We conclude that the Driving After Judgment Prohibited statute must be construed to prohibit use of a conviction obtained without benefit or waiver of counsel as a part of the foundation for the sentence of imprisonment which is mandated for violation of that statute. *See People v. Heinz, supra.* This conclusion is not affected by the fact that no imprisonment may have been imposed for the prior conviction. Any other construction of the statute would render it fundamentally inconsistent with the constitutional requirements of *Baldasar v. Illinois, supra.*

 The fact that the appellant was convicted of the traffic offense on his plea of guilty and not after a full trial does not affect his right to counsel. *Rice v. Olson,* 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945). That right exists at every critical stage of a criminal proceeding. *See Edmisten v. People,* 176 Colo. 262, 490 P.2d 58 (1971). "Counsel is needed [for conviction on a plea] so that the accused may know precisely what he is doing, so that he is

fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin, supra* at 34, 92 S.Ct. at 2011, 32 L.Ed.2d at 536–37. *See People v. Ryant,* 41 Ill.App.3d 273, 354 N.E.2d 395 (1976). Before a guilty plea may be accepted, Crim.P. 11 requires that the defendant be advised of his right to counsel. A plea accepted in violation of this rule may not be used to support a conviction for purposes of the habitual traffic offender statute. *People v. Heinz, supra.*

 Having determined that the appellant had a right to counsel when he pled guilty to driving under revocation, as a condition to use of the conviction to support a charge of Driving After Judgment Prohibited, we now must determine whether the trial court correctly found the appellant was accorded that right.

### C.

The trial court took judicial notice of the record of the traffic offense conviction in question. The record in no way indicates the presence of counsel or the waiver of the right to counsel.[6] Nevertheless, the trial judge held that Roybal was required to prove the absence of counsel and the lack of waiver by clear and convincing evidence. We conclude that this was error.

 A defendant must make a prima facie showing that a prior conviction is invalid in order to bar the use of that conviction in a later proceeding. *See People v. Morrison,* 196 Colo. 319, 583 P.2d 924 (1978); *People v. Woll,* 178 Colo. 443, 498 P.2d 935 (1972) (each case involved a challenge to the use of a prior uncounseled conviction for purposes of impeachment). But once such a showing has been made, the People have the burden to establish that the conviction was constitutionally obtained. *See People v. Colosacco,* 177 Colo. 219, 493 P.2d 650

---

**6.** As to possible waiver of counsel "every reasonable presumption against [it] must be indulged, and the record must affirmatively show that the accused understandingly and voluntarily waived the constitutional right which is in

issue." *People v. Harrington,* 179 Colo. 312, 315, 500 P.2d 360, 361 (1972); *see Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

(1972).[7] This is substantially different than placing on a defendant at the outset the burden to prove the constitutional defect in the prior conviction by clear and convincing evidence.

In *People v. Morrison, supra*, this court held that a defendant's unrebutted and undisputed testimony regarding the absence of counsel and lack of waiver in a prior criminal proceeding was sufficient to create a prima facie showing that he had been denied his right to counsel. As a result, the People were barred from use of the prior conviction for purposes of impeachment. While the testimony of the defendant in the instant case is not helpful, the records of which the court took judicial notice contribute toward establishing the necessary prima facie showing. *United States ex rel. Lasky v. LaVallee*, 472 F.2d 960 (2d Cir. 1973) (conviction document which is silent as to presence of counsel when docket regularity would require that counsel's presence be noted raises a presumption that counsel was absent); *see Burgett v. Texas, supra*; *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).[8]

■ In absence of an opportunity to see and hear the witnesses and to examine the county court file, we consider it inappropriate to attempt to determine from the record whether the defendant established a prima facie case that the challenged traffic offense conviction was invalid. The difficulty in interpreting the testimony of the custodian of the county court records is particularly important to this conclusion. The trial judge is no longer on the district court bench. Under these circumstances, a new hearing limited to the issue of whether the appellant's right to counsel was violated in obtaining the challenged conviction is necessary in the interest of justice.

We reverse the judgment and remand this case to the district court for further proceedings consistent with the views expressed in this opinion.

HODGES, C. J., does not participate.

---

7. We are not unaware of the difficulty of proof which this may cause the People in many cases where county court records have been destroyed pursuant to policies permitting such destruction when cases are not appealed. That difficulty, though real and substantial, cannot be permitted to be used to erode constitutional rights of accused persons.

8. The testimony of the records custodian in the instant case is not clear as to whether counsel's appearance is routinely noted on a county court case file or whether affirmative action by the attorney is necessary to accomplish such notation.