The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

John Emery DOOLEY, Defendant-Appellant.

No. 80SA166.

Supreme Court of Colorado, En Banc.

July 6, 1981.

---

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Dick Gottsegen, Colorado Springs, for defendant-appellant.

LOHR, Justice.

The defendant, John Emery Dooley, was convicted in El Paso County District Court of Driving After Judgment Prohibited, section 42–2–206, C.R.S.1973. His appeal to the Colorado Court of Appeals was transferred here pursuant to section 13–4–110, C.R.S.1973, because it raises issues concerning the constitutional validity of the habitual traffic offender statute, sections 42–2–201 to 208, C.R.S.1973. We reverse the judgment of conviction.

In *People v. Roybal*, Colo., 618 P.2d 1121 (1980), we explained the relationship between habitual traffic offender status and the offense of Driving After Judgment Prohibited, as follows:

"Section 42–2–203, C.R.S.1973, grants the Colorado Department of Revenue, Motor Vehicle Division (DMV), authority to revoke the driver's license of an habitual traffic offender. An habitual traffic offender is any person who, after notice and hearing, is found to have sustained a designated number of convictions for specified traffic offenses within a prescribed period of time. Section 42–2–202, C.R.S.1973. Operating a motor vehicle while such a revocation is in effect constitutes the class 5 felony of Driving After Judgment Prohibited. Section 42–2–206, C.R.S.1973."

618 P.2d at 1123.

The defendant's driver's license was revoked pursuant to sections 42–2–202(2)(a)(III) and 203, C.R.S.1973, based on a determination that he was an habitual traffic offender in that he had accumulated three convictions of driving under suspension during a seven-year period. He later was charged with Driving After Judgment Prohibited when he operated a motor vehicle during the time the revocation remained in effect. He was convicted after a trial to the court, and brings this appeal contending that the traffic offense convictions upon which his habitual traffic offender status is based were obtained unconstitutionally.[1]

During the pendency of this appeal we issued our opinion in *People v. Roybal, supra.*[2] In that case, we held that a defendant charged with Driving After Judgment Prohibited may collaterally attack the constitutional validity of the traffic offense convictions which form the basis for the administrative determination that he is an habitual traffic offender.[3] Based on that decision, we granted the prosecution's motion for limited remand to the district court to take evidence and rule on the constitutional validity of the defendant's underlying traffic offense convictions.

Pursuant to our order, the district court held a hearing and ruled that the three traffic offense convictions used to support the revocation of the defendant's driver's license as an habitual traffic offender were obtained unconstitutionally. Its order to that effect and the supporting findings and conclusions were transmitted to us and made part of the record on appeal.

In its answer brief, the prosecution does not contest the district court's findings concerning the underlying traffic offense convictions and concedes that the defendant's conviction for Driving After Judgment Pro-

---

1. Based on the same incident, the defendant was also convicted of driving under the influence of intoxicating liquor, section 42–4–1202, C.R.S.1973, and driving the wrong direction on a one-way roadway, section 42–4–906(1), C.R. S.1973. He has not challenged those convictions on appeal.

2. This appeal was pending when *People v. Roybal* was argued. Because the issues in that case bore on the defendant's appeal, the prose-

cution sought and was granted an order that this appeal be held in abeyance pending the issuance of the decision in *Roybal*.

3. For the standards applicable in determining whether a defendant's underlying traffic offense conviction is constitutionally invalid, *see People v. DeLeon*, Colo., 625 P.2d 1010 (1981), and cases cited therein.

hibited must be reversed. We agree and therefore reverse the defendant's conviction for Driving After Judgment Prohibited. Because the trial court imposed concurrent sentences for the three offenses of which the defendant was convicted, including the conviction here reversed, *see* footnote 1, *supra*, the matter must be remanded to the trial court for resentencing.

The judgment of conviction for Driving After Judgment Prohibited is reversed and the cause is remanded for resentencing on the two charges for which the defendant remains convicted.