The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

*v.*

Keary Jack **KIMBLE**,
Defendant-Appellant.

No. 82CA1088.

Colorado Court of Appeals,
Div. II.

Aug. 2, 1984.

Rehearing Denied Sept. 6, 1984.

Certiorari Denied Dec. 10, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Nicholas R. Massaro, Jr., Sp. Deputy Public Defender, Grand Junction, for defendant-appellant.

KELLY, Judge.

The defendant, Keary Jack Kimble, appeals his convictions of second degree sexual assault and vehicular eluding, and, before a separate jury, of possession of a weapon by a previous offender. He contends that the charges against him should be dismissed for failure of the trial court to try him within 90 days of the date of his request for disposition under the Uniform Mandatory Disposition of Detainers Act. Section 16–14–101, et seq., C.R.S. (1978 Repl. Vol. 8). He further argues that the trial court erred in denying a motion for mistrial after learning that one juror was acquainted with the victim's father, that the trial court erred in denying him an opportunity to show that the felony conviction underlying the possession of a weapon charge was unconstitutionally obtained, and that he was improperly sentenced because the trial court considered unconstitutionally obtained convictions in imposing an enhanced sentence. We affirm in part and remand for further findings.

I.

After trial and conviction of the sexual assault and vehicular eluding charges, but prior to trial on the possession of a weapon by a previous offender charge, the defendant moved for dismissal of the entire case based on the failure to bring him to trial within the 90-day period from the date of his written request for disposition of the charges. The trial court held a hearing and found that the defendant had made a written request for speedy disposition while he was in custody for parole violation, and that his request was placed in a stamped envelope, addressed to the court and the district attorney, which he gave to a Jefferson County deputy sheriff for mailing. However, as the court found, the letters were not mailed and were not delivered, and there was nothing in the court file reflecting a demand for trial.

The court ruled that the failure of the defendant or his counsel to move for dismissal prior to trial constituted a waiver. We agree.

Section 16–14–103(1), C.R.S. (1978 Repl. Vol. 8), requires that any request made for disposition of an untried complaint or information "be delivered to the

superintendent where the prisoner is confined who shall forthwith" prepare and certify certain documents to be sent by registered mail to the court and to the prosecuting official charged with the duty of prosecuting the offense. To trigger the provisions of the Act, these procedures must be strictly followed. *See Hughes v. District Court,* 197 Colo. 396, 593 P.2d 702 (1979); *People v. Quintana,* 682 P.2d 1226 (Colo. App.1984).

■ Even if we assume that the defendant's actions initiated the procedures required by the Act, we conclude that, as a matter of law, the defendant waived its provisions. In *Chambers v. District Court,* 180 Colo. 241, 504 P.2d 340 (1972), our Supreme Court held that there was a waiver of the Act by defense counsel's failure to object to the trial date announced, his failure to request an earlier date, and other conduct amounting to waiver of the 90-day provision. The reasoning is applicable here.

■ While an accused does not ordinarily waive his right to a speedy trial by inaction, where, as here, a defendant permits a jury trial to proceed to a guilty verdict, there is a waiver of the Act's benefits as a matter of law. *See People v. Mascarenas,* 666 P.2d 101 (Colo.1983).

## II.

■ The trial court did not err in denying the defendant's motion for a mistrial based on the acquaintance of juror Baker with the father of the victim. We regard *People v. Dunoyair,* 660 P.2d 890 (Colo. 1983) as dispositive. It was there said:

"The jury selection process cannot uncover every possible influence that might theoretically affect a juror's consideration of a case .... There is no reason to presume that a juror's sudden realization during trial that he is acquainted with a prosecution witness will so impair the juror's ability to follow the court's instructions as to undermine the juror's impartiality in the deliberative process."

Here, as in *Dunoyair, supra,* the testimony of the witness was not critical to the defendant's conviction. The victim's father was not a witness to the sexual assault, but only to the apprehension of the defendant. Other witnesses also testified to this chain of events. The victim's father was not even cross-examined by the defense. Neither does the record of the trial court's voir dire of the juror support an inference that the juror's acquaintance with the witness fifteen years previously would affect his judgment in the disposition of the issues of the case. Under these circumstances, a mistrial was not required.

## III.

■ We agree with the defendant that the trial court erred in denying him the opportunity to establish that the felony conviction underlying the charge of possession of weapon by a previous offender had been unconstitutionally obtained. Relying on *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the trial court ruled that the status of the accused as a convicted person, not the constitutionality of the conviction, is the critical issue. While the provisions of the federal and the state statutes are parallel, the reasoning of *Lewis, supra,* is inapplicable here.

In *Lewis,* the United States Supreme Court was interpreting the language of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.App. § 1202(a)(1), which prohibits possession of a firearm by a convicted felon. The court interpreted the statutory proscription as applicable even if the underlying felony convictions were uncounseled and thus, unconstitutionally obtained. It supported this conclusion with an analysis of the congressional history of the legislation and interpolation of related statutory provisions.

■ Analogous considerations are not applicable to § 18–12–108, C.R.S. (1978 Repl. Vol. 8). Rather, *People v. Roybal,* 618 P.2d 1121 (Colo.1980) sets the standards to be applied to the interpretation of Colorado statutes: (1) In the absence of a clear expression of legislative intent to per-

mit the use of prior uncounseled convictions, the rule requiring a criminal statute to be construed in favor of the accused militates against foreclosing a defendant from making a collateral challenge to prior convictions; and (2) a conviction obtained in violation of the right to counsel "is not sufficiently reliable to support the severe sanction of deprivation of liberty." *People v. Roybal, supra; see also People v. Reichenberg,* 685 P.2d 165 (Colo.1984).

Here, there is nothing to suggest a legislative intent to permit the use of prior uncounseled convictions as the predicate for conviction of possession of a weapon by a previous offender. Hence, such a conviction is not sufficiently reliable to supply the basis for implementing the policies behind § 18–12–108. *See People v. Tenorio,* 197 Colo. 137, 590 P.2d 952 (1979). The trial court erred in denying the defendant an opportunity to establish that the prior conviction was unconstitutionally obtained.

## IV.

Finally, the defendant asserts that the trial court erred in considering an unconstitutionally procured conviction in sentencing the defendant beyond the presumptive range. In view of our conclusions, we need not reach this issue.

The judgments of conviction of second degree sexual assault and vehicular eluding, and the sentences imposed thereon, are affirmed. As to the judgment of conviction of possession of a weapon by a previous offender, the cause is remanded to the trial court with directions to conduct further proceedings and to determine whether the conviction underlying the charge was constitutionally obtained. If the trial court finds that the underlying conviction was constitutionally obtained, then the judgment of conviction of possession of a weapon by a previous offender and the sentence imposed thereon are affirmed. If the trial court finds that the underlying conviction was unconstitutionally obtained, the conviction is reversed and the trial court is direct-ed to dismiss this charge and to issue an amended mittimus.

BERMAN and BABCOCK, JJ., concur.