The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Thomas CHIPPEWA,
Defendant-Appellant.

No. 84CA0091.

Colorado Court of Appeals,
Div. III.

May 30, 1985.

Rehearing Denied July 11, 1985.

Certiorari Granted (People) Feb. 10, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Sp. Deputy State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Thomas Chippewa, appeals from the judgment of conviction entered by the trial court upon his guilty plea to attempted first degree murder. He contends that the trial court erred in denying his motion to withdraw the guilty plea before sentencing. We agree, and therefore, reverse and remand with directions.

Defendant was charged with two counts of attempted murder, two counts of assault, burglary, aggravated robbery, con-

spiracy, commission of violent crime, and as an habitual criminal. Following plea negotiations, he entered a plea of guilty to one count of attempted first degree murder, and in exchange, all remaining charges were dismissed.

At the Crim.P. 11 hearing, defense counsel advised the trial court that under the terms of the plea agreement, the People would seek an aggravated sentence of no more than sixteen years. However, defendant did not concede that there were extraordinary aggravating circumstances, and reserved the right to argue for a sentence within the presumptive range of eight to twelve years. The People stated that they reserved the right to seek aggravation under "any applicable statute, case, law, or factual basis."

Addressing the penalties and consequences of defendant's plea, the trial court advised him that: (1) he could presume that the sentence would be within the range of eight to twelve years; (2) if the trial court found mitigation, the sentence could be as low as four years; (3) if the trial court found extraordinary aggravating circumstances, the sentence could be as high as twenty-four years; and (4) despite the People's intent to seek an aggravated sentence of up to sixteen years and defense counsel's attempt to persuade the court to impose a sentence within the presumptive range, the sentence to be imposed was within the court's sole discretion.

Defendant stated that he understood the trial court's explanation of the penalties and consequences involved. The trial court found that defendant understood the possible penalties which could be imposed and that defendant entered his plea voluntarily.

After the pre-sentence report revealed that defendant had committed this offense while on parole for another felony, he filed a motion to withdraw his guilty plea, arguing that he had entered the plea without understanding that a mandatory aggravated sentence pursuant to § 18–1–105(9)(a)(II), C.R.S. (1984 Cum.Supp.) was a consequence of his parole status and that his plea was therefore involuntary. The trial court denied the motion on the ground that defendant had been advised of the maximum sentence of twenty-four years and proceeded to impose a sentence of eighteen years.

■ Due process of law requires that a conviction be based on a guilty plea which is knowingly and voluntarily made. A defendant cannot effectively waive his constitutional rights unless he has full knowledge of the consequences of his guilty plea. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); *People v. Leonard,* 673 P.2d 37 (Colo.1983); *People v. Brewer,* 648 P.2d 167 (Colo.App. 1982).

■ Crim.P. 11 is designed to facilitate an accurate determination of adequate compliance with the constitutional requirements necessary for a valid guilty plea. *People v. Leonard, supra; People v. Harrington,* 179 Colo. 312, 500 P.2d 360 (1972). Specifically, Crim.P. 11(b)(4) provides that the court must determine that the defendant "understands the possible penalty or penalties." Such penalties have been held to include consequences which have a definite, immediate, and automatic effect on the range of his punishment. *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979); *See Cuthrell v. Director,* 475 F.2d 1364 (4th Cir.1973). We hold that mandatory sentencing of a defendant on parole status is such a consequence. *See Yothers v. United States,* 572 F.2d 1326 (9th Cir.1978); *Cuthrell v. Director, supra; Berry v. United States,* 412 F.2d 189 (3rd Cir.1969); *People v. Mitchell,* 102 Mich.App. 554, 302 N.W.2d 230 (1980).

■ The burden of showing a fair and just reason for a change of plea before entry of a sentence rests on the defendant. *People v. Gutierrez,* 622 P.2d 547 (Colo. 1981). A determination whether defendant has shown a fair and just reason for a change of plea is normally within the discretion of the trial court, *People v. Gutier-*

*rez, supra.* However, inadequate compliance with the constitutional requirements of Crim.P. 11 vitiates a plea of guilty because such plea was not entered voluntarily and intelligently. *People v. Harrington, supra.*

Here, defendant's plea was entered with the understanding and belief that he was eligible for sentencing within the eight to twelve year presumptive range. However, the pre-sentence report disclosed that the offense was committed while defendant was on parole for another felony, and the trial court was thereby mandated by § 18–1–105(9)(a)(II), C.R.S. (1984 Cum.Supp.) to sentence defendant within the aggravated range of twelve to twenty-four years. The trial court failed to inform defendant at the Crim.P. 11 hearing of this consequence.

Because of the trial court's failure to inform defendant of the effect of his parole status on the trial court's sentencing options, defendant did not have the requisite full knowledge of the consequences of his guilty plea, and his plea was, therefore, not entered knowingly and voluntarily. Hence, the trial court erred in denying the defendant's motion to withdraw his guilty plea.

The judgment of conviction is reversed, and the cause is remanded with directions to vacate the guilty plea, to reinstate the charges originally filed against defendant, and to permit defendant to enter his plea as to those charges.

VAN CISE and TURSI, JJ., concur.