The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Alfred John FLORES,
Defendant–Appellant.

No. 87CA0056.

Colorado Court of Appeals,
Div. III.

April 7, 1988.

Rehearing Denied May 12, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Clifford J. Barnard, Boulder, for defendant-appellant.

JONES, Judge.

Contending that, upon his conviction, the trial court erred in regarding conspiracy to commit first degree murder as a crime of

violence, defendant, Alfred John Flores, appeals his sentencing beyond the presumptive range provided for that offense. We conclude that the trial court sentenced defendant in the aggravated range on a basis other than that urged by defendant, and therefore affirm.

 At the time pertinent to this case, crime of violence was defined as:

"[A] crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission of any crime committed against an elderly or handicapped person or of a crime of murder, first or second degree assault, kidnapping, sexual assault, robbery, first degree arson, first or second degree burglary, escape, or criminal extortion, or during the immediate flight therefrom, or who caused serious bodily injury or death to any person, other than himself or another participant, during the commission of any such felony or during the immediate flight therefrom." Section 16–11–309(2)(a)(I), C.R.S. (1978 Repl.Vol. 8).

Since the general assembly did not expressly include conspiracy among those offenses defined as crimes of violence, we conclude that one convicted of conspiracy may not be sentenced pursuant to § 16–11–309(1)(a), C.R.S. (1978 Repl.Vol. 8).

 However, pursuant to § 18–1–105(9)(c) C.R.S. (1978 Repl.Vol. 8), the trial court was authorized to consider aggravating circumstances other than conviction for a crime of violence, or other statutory extraordinary aggravating circumstances, as the basis for sentencing defendant in the aggravated range. Here, the trial court found extraordinary aggravating circumstances in that two people were killed, that the defendant was present and did nothing to prevent the murders, that he obtained the murder weapon, that in the criminal episode he committed burglary and robbery, that he transported the co-defendant and aided in covering up the offenses, and that he removed stolen property and fled to avoid apprehension. These circumstances do provide a basis for imposition of a sentence beyond the presump-

tive range. *Cf. People v. Jenkins,* 674 P.2d 981 (Colo.App.1983). Hence, we will not disturb the sentence imposed.

The other contentions of defendant are without merit.

The sentence is affirmed.

VAN CISE and STERNBERG, JJ., concur.