The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

John Edward TERRY, Defendant–Appellee.

No. 96CA1471.

Colorado Court of Appeals, Div. IV.

Oct. 16, 1997.

Rehearing Denied Dec. 11, 1997.

Certiorari Granted July 27, 1998.

Jeanne M. Smith, District Attorney, Brian Whitney, Deputy District Attorney, Gordon R. Denison, Deputy District Attorney, Colorado Springs, for Plaintiff–Appellant.

David F. Vela, Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

The People appeal the sentence imposed by the trial court upon the defendant, John Edward Terry. The People argue that the sentence imposed by the court is unlawful because it is below the mandatory minimum sentence required for defendant's conviction of conspiracy to commit aggravated robbery. We agree and therefore vacate defendant's sentence.

Defendant was originally charged with aggravated robbery, conspiracy to commit aggravated robbery, and commission of a crime of violence.

Pursuant to a plea agreement, defendant pled guilty to conspiracy to commit aggravated robbery and the remaining charges were dismissed. At the providency hearing, the court erroneously advised defendant that the presumptive sentencing range was two to six years in the custody of the Department of Corrections (the Department) and that if there were aggravating factors the maximum sentence was twelve years.

The court sentenced defendant to three years in the custody of the Department. The People objected to the sentence, asserting that because conspiracy to commit aggravated robbery was both a crime of violence and

an extraordinary risk offense, the minimum sentence the court could impose was five years. The court declined to alter the sentence and the People took this appeal.

■ Defendant was convicted of conspiring to commit both of the following alternative methods of committing aggravated robbery:

(1) A person who commits robbery is guilty of aggravated robbery if during the act of robbery or immediate flight therefrom:

(a) He is armed with a deadly weapon with intent, if resisted, to kill, maim, or wound the person robbed or any other person; or

(b) He knowingly wounds or strikes the person robbed or any other person with a deadly weapon or by the use of force, threats, or intimidation with a deadly weapon knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury.

Section 18–4–302, C.R.S.1997.

Section 18–4–302(4), C.R.S.1997, further provides that: "If a defendant is convicted of aggravated robbery pursuant to paragraph (b) of subsection (1) of this section, the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S."

In *People v. Terry,* 791 P.2d 374 (Colo. 1990), the supreme court construed a provision of the second degree assault statute identical to § 18–4–302(4). Both provisions were enacted as part of the same omnibus crime bill. The court held that, by amending these and various other offenses to specify that a convicted defendant "shall" be subject to crime of violence sentencing pursuant to § 16–11–309, C.R.S.1997, the General Assembly intended to make crime of violence sentencing automatic upon conviction. Under *Terry,* if an express statutory provision requires crime of violence sentencing, a separate crime of violence count otherwise mandated by § 16–11–309(4) is not required.

In 1994, the General Assembly amended the crime of violence sentencing statute, § 16–11–309, C.R.S.1997, adding language specifying that it is a crime of violence to conspire to commit an offense defined as a crime of violence in § 16–11–309. *See* Colo. Sess. Laws 1994, ch. 287 at 1715.

In 1995, the General Assembly amended the conspiracy statute, § 18–2–201, C.R.S. 1997, and added the following provision: "Conspiracy to commit any crime for which a court is required to sentence a defendant for a crime of violence in accordance with section 16–11–309, C.R.S., is itself a crime of violence for the purposes of that section." *See* Colo. Sess. Laws 1995, ch. 240 at 1250.

The question raised here is whether these amendments require automatic crime of violence sentencing for conspiracy under the rationale of *People v. Terry, supra.* We conclude that they do.

■ Our first goal in construing statutes is to ascertain and give effect to the intent of the General Assembly. We should presume that, by amending an existing sentencing statute, the General Assembly intended to change the law. Where possible, we should avoid constructions that would render a statutory provision meaningless. *People v. Terry, supra.*

Here, the 1994 amendment to § 16–11–309 is readily understandable as a change of the previously existing law. Prior to enactment of that provision, conspiracy to commit an enumerated crime of violence was not itself a crime of violence. *See People v. Flores,* 757 P.2d 159 (Colo.App.1988) (since the General Assembly did not expressly include conspiracy among those offenses defined as crimes of violence, one convicted of conspiracy may not be so sentenced). Thus, once the 1994 amendment took effect, a conviction for conspiracy to commit one of the crimes of violence enumerated in § 16–11–309 was itself a crime of violence if separately pled and proven.

In light of the 1994 amendment to § 16–11–309, the 1995 amendment to the conspiracy statute must be interpreted as necessarily requiring mandatory crime of violence sentencing for conspiracy to commit an offense subject to mandatory crime of violence sentencing. If not, it would be entirely without effect.

Moreover, the plain language in the amendment to the conspiracy statute is every bit as mandatory as the language added to the substantive offenses addressed in *Terry.* We must assume the General Assembly understood how such language would be interpreted in light of the supreme court's *Terry* decision. *See Barela v. Beye,* 916 P.2d 668 (Colo.App.1996) (presumption that when General Assembly amends a statutory provision it does so with an awareness of prior decisional law).

In summary, we conclude that a conviction for conspiracy to commit aggravated robbery, as defined in § 18–4–302(1)(b), C.R.S. 1997, necessarily requires crime of violence sentencing. Therefore, pursuant to § 16–11–309, and § 18–1–105(9)(a), C.R.S.1997, the court in this case was required to impose a sentence of at least the midpoint in the presumptive range, but not more than twice the maximum term.

The presumptive sentencing range for conspiracy to commit aggravated robbery, a class four felony, is between two and six years imprisonment. Sections 18–1–105(1)(a)(V)(A) & 18–2–206, C.R.S.1997. However, conspiracy to commit aggravated robbery as defined in § 18–4–302(1)(b) is an "extraordinary risk" crime because § 18–1–105(9.7)(b)(XII), C.R.S.1997, provides that "[a]ny crime of violence, as defined in section 16–11–309, C.R.S." is an extraordinary risk crime. For extraordinary risk of harm crimes which constitute class four felonies, the maximum sentence in the presumptive range "shall be increased by two years." Section 18–1–105(9.7)(a), C.R.S.1997.

By definition, conspiracy to commit aggravated robbery as defined in § 18–4–302(1)(b) is such an offense. *See* §§ 16–11–309(2)(a)(I) & 16–11–309(2)(a)(II)(F), C.R.S.1997. Consequently, the maximum sentence in the presumptive range for defendant's conviction is increased from six to eight years pursuant to § 18–1–105(9.7)(a), *see People v. Greymountain,* 952 P.2d 829 (Colo.App. No. 96CA0371, August 21, 1997), and the midpoint in the presumptive range is five years. Thus, the applicable range for mandatory crime of violence sentencing is five to sixteen years.

■ Because the three-year sentence imposed by the court is below the mandatory minimum, it is unlawful and must be vacated. Relying on *People v. Chippewa,* 713 P.2d 1311 (Colo.App.1985), *aff'd on other grounds,* 751 P.2d 607 (Colo.1988), defendant contends that the court's misstatement of the minimum sentence during the providency hearing bars it from resentencing him. However, contrary to defendant's assertion, *Chippewa* does not contradict the rule that an unlawful sentence may be corrected at any time. *See People v. Reynolds,* 907 P.2d 670 (Colo.App. 1995).

■ Defendant's only remedy under *Chippewa* is to move for withdrawal of his plea. *See People v. Coleman,* 844 P.2d 1215 (Colo. App.1992) (defendant may seek to withdraw plea under *Chippewa* if advised of a lesser possible sentence than he was, in fact, eligible to receive).

■ If on remand defendant does not seek to withdraw his plea, then the inaccurate advisement concerning the maximum sentence available will only become relevant if the court determines that the appropriate sentence is one greater than the twelve year maximum of which defendant was advised. Should that occur, the court must afford defendant the opportunity to withdraw his plea. *People v. Chippewa, supra.*

Finally, we reject defendant's claim that this appeal is without practical effect. Defendant contends that, because § 16–11–309(1)(a), C.R.S.1997, provides a mechanism for sentence modification in exceptional cases involving unusual and extenuating circumstances, the court in this case will inevitably exercise its discretion to modify any mandatorily aggravated range sentence which it is required to impose upon remand.

■ In the exceptional case where modification of a mandatory sentence for a crime of violence is warranted, the court must first impose a lawful aggravated range sentence and then make the necessary findings and comply with the procedural requirements of § 16–11–309(1)(a). Thus, while it is the trial court's prerogative to decide in the first instance whether such modification is appropri-

ate in this case, that cannot occur until a lawful sentence has first been imposed.

The sentence is vacated and the cause is remanded for resentencing.

NEY and ROY, JJ., concur.