The **PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Winifred Mitchell GREEN,**
**Defendant-Appellant.**

**No. 79CA0660.**

Colorado Court of Appeals,
Div. III.

March 12, 1981.

Rehearing Denied April 9, 1981.

Certiorari Denied June 8, 1981.

Springs. Moore had robbed defendant's home prior to the shooting, and had fathered a child with defendant's wife, Eunice Green, before she and defendant were married. At the time of the shooting, Eunice Green and the child resided with defendant.

At trial, one Clifford Muse gave testimony to the effect that defendant had hired James Mitchell to hurt or kill Moore. Over defendant's objection, defendant's sister-in-law, Lela Mae Clark, testified respecting an incident which occurred several weeks after the shooting.

During an *in camera* hearing, Clark testified that several weeks after the shooting defendant's wife ran into Clark's home barefoot and distraught, said she had just been arguing with defendant about defendant's relationship with another woman, and lay down in Clark's bedroom; that defendant arrived moments later and went into the bedroom; that she, Clark, entered the bedroom while defendant's wife was yelling at defendant; that defendant's wife told defendant "she wasn't scared of him just ... because he had Frank [Moore] shot"; and that defendant did not respond to that statement. Clark also stated during a subsequent *in camera* hearing that as she entered the bedroom defendant told her that his wife had a gun, and that defendant's wife raised a pillow and revealed a pistol to Clark before making the accusatory statement.[1]

Defendant contends that the trial court erroneously concluded that Clark's testimony was admissible under the adoptive admission exemption to the prohibition against hearsay. We agree.

■■■ An incriminating statement uttered by a third party in the presence of a defendant is deemed not to be hearsay, and therefore admissible against the defendant, when the evidence establishes that the defendant demonstrated his or her adoption of the statement or belief in its truth. *Cook v.*

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Murphy, Morris & Susemihl, John Patrick Michael Murphy, Colorado Springs, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Winifred Mitchell Green, appeals his conviction of conspiracy to commit first degree murder, attempt to commit first degree murder, and criminal solicitation. We reverse.

The record reveals that one Frank Moore was seriously injured when he was shot several times outside a pool hall in Colorado

---

1. The record reveals two *in camera* hearings. The trial court's conclusion that the statement was admissible was based on the evidence presented at those hearings. Clark's testimony before the jury differed to some extent from her *in camera* testimony; she told the jury that when defendant arrived at her house he told her that his wife had a gun and had threatened "to blow his so and so off" a few minutes earlier.

*People*, 56 Colo. 477, 138 P. 756 (1914); Colorado Rules of Evidence 801(d)(2)(B). Underlying this "adoptive admission" exemption from normal hearsay concepts is the general assumption that it would be reasonable to expect any person who hears a statement accusing him or her of misconduct to deny such statement. *See McCormick on Evidence* § 270 (E. Cleary 2d ed. 1972). The assumption is a weak one, and evidence of such statements must be scrutinized with special concern in criminal cases, where there are constitutional limits to the permissible inferences from a defendant's silence. *See Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *United States v. Hale*, 422 U.S. 71, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *See also United States v. Coppola*, 526 F.2d 764 (10th Cir. 1975); *People v. Cole*, 195 Colo. 483, 584 P.2d 71 (1978).

Indeed, there is authority in other jurisdictions for the principle that, because of Fifth Amendment considerations, a defendant's total silence when confronted with accusations of criminal conduct may never be deemed an adoptive admission in subsequent criminal proceedings. *People v. Parks*, 57 Mich.App. 738, 226 N.W.2d 710 (1975); *see Commonwealth v. Dravecz*, 424 Pa. 582, 227 A.2d 904 (1967).

The ultimate fact question is whether the defendant adopted or acquiesced in the statement, or in some manner indicated his or her belief in its truth. *United States v. Moore*, 522 F.2d 1068 (9th Cir. 1975), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976); *see Cook v. People, supra; see Russell v. People*, 125 Colo. 290, 242 P.2d 610 (1952). Before admitting any such statement into evidence a trial court must determine preliminarily, normally by means of an *in camera* hearing, that the party offering the statement can produce evidence to support the factual conclusions that the defendant heard and understood the statement, had knowledge of the contents thereof, and was free from any emotional or physical impediment which would inhibit an immediate response. *See McCormick on Evidence, supra,* § 270; *Notes of the Advisory Committee on Federal Rule of Evidence* 104(b); *see also* J. Quinn, *Hearsay in Criminal Cases under the*

*Colorado Rules of Evidence: An Overview*, 50 U.Colo.L.Rev. 277 (1979). The issue should then be submitted to the jury under appropriate instructions.

Here, the *only* circumstance suggesting that defendant adopted the incriminating statement of his wife was his failure to respond. His silence, at best a neutral factor, must be weighed against the uncontroverted facts that he knew Eunice had a gun, that a heated domestic dispute over another woman was in progress, and that Eunice had threatened him with violence minutes before. In these circumstances, we conclude that defendant was not free from emotional impediments to an immediate response; hence, Clark's testimony was not admissible. Because the attributed admission could well have affected the outcome beyond a reasonable doubt, the error was prejudicial. *See People v. Taylor*, 197 Colo. 161, 591 P.2d 1017 (1979).

Because the conviction must be reversed, it is unnecessary to treat the other issues raised on appeal.

The judgment is reversed and the cause is remanded for a new trial in conformity with the procedures and conclusions contained herein.

KELLY and STERNBERG, JJ., concur.