The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Thomas L. BANKS, Defendant–Appellant.

No. 97CA1404.

Colorado Court of Appeals, Div. I.

Jan. 7, 1999.

Rehearing Denied Feb. 18, 1999.

Certiorari Granted Sept. 13, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Julia A. Thomas, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge ROTHENBERG.

Defendant, Thomas L. Banks, appeals the judgment of conviction entered on jury verdicts finding him guilty of one count of second degree assault on a peace officer, one count of third degree assault on a peace officer, and one count of resisting arrest. He also appeals the sentence imposed for the second degree assault conviction. We affirm the convictions, but remand for resentencing.

Defendant's convictions arose after he assaulted two police officers when they attempted to arrest him. He bit one officer in the arm and kicked the second officer in the chest.

At trial, during the opening statement, the prosecutor told the jury the evidence would show that: (1) the officers were advised by the dispatcher that defendant was "dangerous;" and (2) the officers were further advised to "use caution" when approaching defendant. The trial court overruled defendant's objection to these remarks by the prosecutor.

Consistent with the prosecutor's opening statement, the two officers later testified about the dispatcher's remarks. Defendant did not object, but after each officer's testimony, the trial court *sua sponte* instructed the jury that the evidence about the dispatcher's statements was admitted for the limited purpose of showing each officer's state of mind.

Defendant then moved for a mistrial based on the prosecutor's comments during the opening statement and the officers' testimony during the prosecution's case-in-chief. He claimed that the evidence was hearsay, and that it was irrelevant and unfairly prejudicial. The trial court denied the motion.

## I.

Defendant first contends the trial court erred: (1) by admitting the officers' testimony regarding the dispatcher's comments; and (2) by denying his motion for mistrial based on the admission of that evidence and on the prosecutor's earlier reference to the dispatcher's comments in her opening statement. We disagree.

A mistrial is a drastic remedy warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. *People v. Collins,* 730 P.2d 293 (Colo.1986); *People v. Salazar,* 920 P.2d 893 (Colo.App. 1996). The determination whether to grant a motion for mistrial is within the sound discretion of the trial court. *People v. Evans,* 886 P.2d 288 (Colo.App.1994).

A trial court can better evaluate any adverse effect improper testimony might have upon a jury than can a reviewing court. *People v. Price,* 903 P.2d 1190 (Colo.App. 1995). Thus, absent a gross abuse of discretion and a showing of substantial and undue prejudice to the defendant, the trial court's denial of a motion for a mistrial on the basis of improperly admitted evidence will not be disturbed on review. *People v. Smith,* 620 P.2d 232 (Colo.1980); *People v. Bell,* 809 P.2d 1026 (Colo.App.1990). To show an abuse of discretion, the defendant must establish that the trial court's decision was manifestly arbitrary, unreasonable, or unfair. *People v. Lee,* 914 P.2d 441 (Colo.App.1995).

### A.

We first reject defendant's assertion that the trial court erred by admitting the officers' testimony and by denying his motion for mistrial on that basis.

The Colorado Rules of Evidence strongly favor the admission of material evidence, and a trial court has broad discretion in determining the admissibility of evidence.

*People v. District Court*, 869 P.2d 1281 (Colo. 1994); *see also* CRE 403. We will not disturb the trial court's evidentiary rulings on review absent a clear abuse of discretion. *See People v. Quintana*, 882 P.2d 1366 (Colo. 1994); *People v. Workman*, 885 P.2d 298 (Colo.App.1994).

Here, contrary to defendant's assertion, the trial court properly concluded that the officers' testimony was not hearsay evidence. It was not offered to show the truth of the dispatcher's comments, but to show the state of mind of the officers and to provide a context for their descriptions of how they approached defendant and why they interacted with him as they did. *See People v. Tenorio*, 197 Colo. 137, 590 P.2d 952 (1979); CRE 801(c); *see also People v. Walters*, 821 P.2d 887 (Colo.App.1991).

Nor are we persuaded by defendant's assertion that the officers' testimony constituted prior misconduct evidence. The evidence did not suggest that defendant had actually committed other crimes.

Accordingly, we reject defendant's contention that the trial court erred by admitting the officers' testimony and by denying his motion for mistrial on that basis.

### B.

Defendant next contends that the evidence was inadmissible because its probative value was substantially outweighed by the danger of unfair prejudice, and that the trial court abused its discretion in not excluding it on that basis and by denying his motion for a mistrial. Again, we disagree.

CRE 403 provides that the trial court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." In examining evidence under CRE 403, the evidence should be accorded its maximum probative weight and its minimum prejudicial effect. *People v. Lowe*, 660 P.2d 1261 (Colo.1983).

All effective evidence is prejudicial in the sense of being damaging or detrimental to the party against whom it is offered. However, unfair prejudice refers only to evidence which tends to cause a decision to be made on an improper basis. *People v. District Court, supra.*

A trial court's determination that the probative value of evidence outweighs the prejudice to a defendant will not be disturbed on appeal absent an abuse of discretion. *People v. Czemerynski*, 786 P.2d 1100 (Colo. 1990); *People v. Hogan*, 703 P.2d 634 (Colo. App.1985). The trial court abuses its discretion only when its evidentiary ruling is arbitrary, unreasonable, or unfair. *People v. Milton*, 732 P.2d 1199 (Colo.1987).

While we agree that the evidence regarding the dispatcher's comments was harmful to defendant's case, there is no basis for us to conclude that the evidence led the jury to make its decision on an improper basis. After each officer's testimony, the trial court *sua sponte* instructed the jury that the evidence about the dispatcher's statements was admitted for the limited purpose of showing that officer's state of mind, and it is presumed that the jury followed the court's instructions.

Accordingly, we conclude that the trial court did not abuse its discretion by not excluding the evidence as unfairly prejudicial, and by denying his motion for a mistrial based on the admission of that evidence.

### II.

Defendant next asserts that the comments made by the prosecutor during opening statement constituted prosecutorial misconduct, and that the trial court should have granted his motion for mistrial on that basis. We are not persuaded.

Arguments of counsel are not evidence. Accordingly, to the extent defendant asserts that the prosecutor's comments constituted inadmissible evidence, we disagree.

Claims of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury. The trial court is in the best position to make such an evaluation, and its ruling will not be disturbed on appeal in the absence of a gross abuse of discretion result-

ing in prejudice and denial of justice. *People v. Moody,* 676 P.2d 691 (Colo.1984).

██ Here, the prosecutor's comments called the jury's attention to evidence that would be later admitted at trial. Because that evidence was properly admitted later to show the state of mind of the officers, we conclude there was nothing improper about the prosecutor's comments.

### III.

██ However, we do agree with defendant's contention that, in regard to the sentence imposed, the trial court erred by concluding that second degree assault on a peace officer was an extraordinary risk crime, and by enhancing his sentence pursuant to § 18–1–105(9.7), C.R.S.1998.

Defendant was convicted of second degree assault on a peace officer under § 18–3–203(1)(c), C.R.S.1998. Section 18–3–203(2)(c), C.R.S.1998, states that upon such a conviction, the defendant shall be sentenced in accordance with § 16–11–309, C.R.S.1998, which provides for enhanced sentencing for offenses which constitute "crimes of violence."

The trial court determined that defendant had been convicted of a crime of violence and had to be sentenced pursuant to § 16–11–309 and also pursuant to § 18–1–105(9.7)(a), C.R.S.1998. Defendant agrees that he had to receive an enhanced sentence under § 16–11–309. However, he maintains, and we agree, that the trial court erred in determining he also was subject to the additional enhanced sentencing provision in § 18–1–105(9.7)(a).

### A.

We first address and reject the People's assertion that defendant was not sentenced for an extraordinary risk crime because the mittimus does not specifically mention the extraordinary risk crime enhancer.

At the sentencing hearing, the trial court stated that:

I am going to impose a sentence of five years in the Department of Corrections; *that's minimum,* but also the mandatory sentence that I have to impose. It is a crime of violence. It's [an] extraordinary risk crime, and also is a crime against a peace officer. (emphasis added)

If the trial court had not applied the extraordinary risk crime sentence enhancer, the minimum allowable sentence would have been four years, rather than the five years the trial court actually imposed. The only way for the trial court to have arrived at the five-year minimum sentence was by applying § 18–1–105(9.7).

### B.

██ The People next maintain that defendant's teeth constituted a deadly weapon, that biting the victim caused her serious bodily injury, and therefore, that we can conclude defendant did commit a crime of violence as defined in § 16–11–309(2)(a)(I), C.R.S.1998. We disagree.

As noted earlier, defendant was convicted of second degree assault on a peace officer under § 18–3–203(1)(c). Section 18–3–203(2)(c) provides that, upon such a conviction, the defendant shall be sentenced *in accordance with § 16–11–309.*

However, at issue here is the applicability of § 18–1–105(9.7)(b)(XII), which provides that "[a]ny crime of violence, *as defined in section 16–11–309,*" presents an extraordinary risk of harm to society and is subject to enhanced sentencing. (emphasis added)

Section 16–11–309(2)(a) defines the term "crime of violence" as including second degree assault if during the commission of the crime the defendant either: (1) used, or possessed and threatened the use of a deadly weapon, or (2) caused serious bodily injury or death to any person except another participant in the crime.

However, if a defendant is charged with a crime of violence as defined in § 16–11–309(2)(a)(I), the information must so allege in a separate count. In addition, the jury is required to make a specific finding whether the defendant used a deadly weapon during the commission of the crime or caused serious bodily injury to the victim. Sections 16–11–309(4) and 16–11–309(5), C.R.S.1998.

■ Our goal in construing any statute is to ascertain and give effect to the intent of the General Assembly. To determine legislative intent, we look first to the language of the statute itself, giving the words and phrases used their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986). When the statutory language is clear and unambiguous, it must be interpreted as written, without resorting to interpretive rules and statutory construction. *People v. Zapotocky*, 869 P.2d 1234 (Colo.1994).

■ When two statutes address the same subject matter, courts must attempt to read them together and reconcile them so as to give effect to each statute. *People v. Campbell*, 885 P.2d 327 (Colo.App.1994); *see also Colorado State Board of Medical Examiners v. Jorgensen*, 198 Colo. 275, 599 P.2d 869 (1979).

Here, defendant was not separately charged with having committed a crime of violence, and the jury did not make a specific determination that he had committed a crime of violence within the meaning of the statute. We thus conclude that defendant was *not* convicted of a crime of violence "as defined in § 16–11–309."

## C.

■ Alternatively, the People urge us to uphold the extraordinary risk crime sentence by concluding that, because the substantive assault statute itself provides for sentencing as a crime of violence, § 16–11–309 "presumptively" includes second degree assault within its definition of the term "crime of violence." According to the People, the special charge of a crime of violence and the jury findings required by §§ 16–11–309(4) and 16–11–309(5) therefore are unnecessary to enhance defendant's sentence under § 18–1–105(9.7). Again, we disagree.

In *People v. Terry*, 791 P.2d 374 (Colo. 1990), upon which the People rely, the supreme court construed §§ 16–11–309(4) and (5) together with § 18–3–203(2)(c). It did not address the extraordinary risk crime sentence enhancer at issue here.

The court noted in *Terry* that, in 1986, the General Assembly had amended nine substantive criminal offense statutes including § 18–3–203 to require sentencing in accordance with the provisions of § 16–11–309. *See* Colo. Sess. Laws 1986, ch. 138 at 776–778. But, in doing so, the legislature did not add language stating that a conviction for any of these nine offenses constituted a conviction for a crime of violence. Rather, the amended provision adopted the sentencing structure of § 16–11–309 and incorporated the punishment for crimes of violence as the presumptive penalty for these nine criminal offenses. On that basis, the Terry court held that § 18–3–203(2)(c) required the court to impose a violent crimes sentence pursuant to § 16–11–309. *See People v. Terry, supra.*

The strength of the People's argument is further diluted by the fact that, although these nine offenses which adopted the crime of violence penalty all involve bodily injury or the use of a deadly weapon, they do not all contain the requisite elements necessary to convict a perpetrator of a crime of violence. Here, for example, § 18–3–203(c), second degree assault on a police officer, requires the prosecution to prove that defendant intended to cause bodily injury to prevent a police officer from performing a lawful duty. However, a crime of violence requires proof that defendant inflicted *serious* bodily injury.

Additionally, the sentencing provision of § 16–11–309 mandates sentencing pursuant to § 18–1–105(9) and is silent regarding § 18–1–105(9.7). Because the sentencing provision of § 16–11–309 is silent regarding the extraordinary risk crime statute, we conclude that the General Assembly intended only to set forth a presumptive penalty for the nine amended criminal statutes, and did not intend to incorporate them into the extraordinary risk crimes statute.

Certainly, if the General Assembly had intended to identify second degree assault on a peace officer as an extraordinary risk crime, it could easily have included it as a separately designated offense in § 18–1–105(9.7)(b). Alternatively, it could have drafted a "catch-all" provision within the statute stating that all crimes containing the provision that offenders were to be sentenced

in accordance with the crimes of violence statute also were subject to enhancement as extraordinary risk crimes. It did not do so, and we may not rewrite the statute to add additional terms.

Thus, while the People's argument is not without logic, we cannot assume that, by requiring an offender convicted of second degree assault on a peace officer to receive an enhanced sentence in accordance with the provisions of § 16–11–309, the General Assembly intended to enhance further the sentence as an extraordinary risk crime under § 18–1–105(9.7)(b)(XII). *See Binkley v. People*, 716 P.2d 1111, 1114 (Colo.1986)(if General Assembly intended to include unlicensed law school graduates and other persons formally trained in the law within the meaning of the term "lawyer" in § 16–10–103(1)(k), C.R.S.1998, "it is reasonable to assume that it would have cast the statutory language in those specific terms and would not have used the much more restrictive word 'lawyer' in the statute"); *see also People v. Campbell, supra* (when a statute specifies particular situations in which it is to apply, it should generally be construed as excluding from its operation all other situations not specified).

In summary, we conclude that because defendant was not convicted of a crime of violence, the trial court erred by applying the sentence enhancing provisions of § 18–1–105(9.7)(a) in imposing the sentence.

The judgment is affirmed but the sentence imposed for second degree assault on a peace officer is vacated, and the cause is remanded for resentencing with respect to that count.

Judge METZGER and Judge PLANK, concur.