The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Phu C. HOANG, Defendant–Appellant.

No. 98CA1543.

Colorado Court of Appeals,
Div. III.

April 27, 2000.

Certiorari Denied Nov. 20, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Lisa Dixon, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Phu C. Hoang, appeals from the trial court's denial of his motion to correct an illegal sentence. We affirm.

A delinquency petition was filed against defendant premised on acts allegedly committed by him in connection with the robbery of a restaurant that would constitute twenty-two felony offenses if committed by an adult.

Following a hearing, the juvenile court transferred jurisdiction over defendant to the district court. Defendant then was charged with twenty-two felony counts, including six counts of crime of violence.

A plea agreement was reached, and defendant pled guilty to two counts of aggravated robbery. Although the plea agreement stated generally that defendant would plead guilty to aggravated robbery under § 18–4–302, C.R.S.1999, the language setting forth

the charge followed the language of § 18–4–302(1)(b), C.R.S.1999.

At the providency hearing, the prosecution informed the court that the counts to which defendant was pleading "carr[ied] violent crime sentencing" under §§ 18–4–302(1)(b) and 18–4–302(4), C.R.S.1999. The court, before accepting his plea, also informed defendant that these offenses required mandatory sentences in the aggravated range of ten to thirty-two years. *See* §§ 18–1–105(1)(a)(IV), 18–1–105(9), and 16–11–309, C.R.S.1999.

Subsequently, defendant filed a Crim. P. 35(b) motion seeking a reduction in his sentence. Defendant argued, *inter alia,* that the court had discretion under § 16–11–309 to modify a sentence imposed under this statute. The motion was denied.

Defendant then filed a Crim. P. 35(c) motion claiming (1) that his plea was not made voluntarily and knowingly because the factual basis for his plea was not presented, (2) that his sentences should not have been imposed consecutively, and (3) that counsel's representation was ineffective. This motion also was denied.

On May 1, 1997, defendant filed a *pro se* Crim. P. 35(a) motion to correct an illegal sentence. He claimed generally that he should have been sentenced as a juvenile offender under § 19–1–101, *et seq.,* C.R.S. 1999.

The trial court order denying this motion is the subject of this appeal.

■ Defendant contends that the trial court erred in denying his Crim. P. 35(a) motion. Relying on *People v. Banks,* 983 P.2d 102 (Colo.App.1999) (*cert. granted* Sept. 13, 1999), he argues that, because the trial court erroneously believed that he had been convicted of a crime of violence under § 16–11–309, it erred in determining that it had no discretion to impose a juvenile disposition under Colo. Sess. Laws 1989, ch. 169, § 19–2–806(1)(d) at 916 (now codified as § 19–2–518, C.R.S.1999). Defendant concedes that aggravated robbery may be *defined* as a crime of violence for certain purposes. However, because the crime of violence counts were dismissed under the plea agreement, he contends that he was not *convicted* of a crime

of violence for purposes of sentencing. Therefore, he argues, the court had the discretion under § 19–2–518 to impose a juvenile disposition or to remand the case to juvenile court for sentencing, and it erred in not considering this. We disagree.

Under the statute in effect at the time of defendant's sentencing:

> Whenever criminal charges are transferred to or filed directly in the district court pursuant to the provisions of this article, the judge of the district court shall have the power to make any disposition of the case that any juvenile court would have or to remand the case to the juvenile court for disposition at its discretion; except that a juvenile who is convicted of a class 1 felony, or whose case was transferred to or filed directly in the district court and who is convicted of a crime of violence, as defined in section 16–11–309, C.R.S., or who has been previously adjudicated a mandatory sentence offender, a violent juvenile offender, or an aggravated juvenile offender shall be sentenced pursuant to section 18–1–105, C.R.S.

Colo. Sess. Laws 1989, ch. 169, § 19–2–806(1)(d) at 916.

The language of this statute, providing for sentencing under § 18–1–105 if a juvenile is convicted of a crime of violence as defined in § 16–11–309, has not substantively changed since then and, therefore, we are to be guided by cases analyzing this statute in its present form. *See* § 19–2–518(1)(d)(I), C.R.S. 1999.

■ Our primary task in construing statutes is to give effect to the intent of the General Assembly. *People v. Rivera,* 968 P.2d 1061 (Colo.App.1997). In order to determine this intent, we look first to the plain language of the statutes. *J.D.C. v. District Court,* 910 P.2d 684 (Colo.1996).

■ Since *People v. Banks, supra,* the supreme court announced *Terry v. People,* 977 P.2d 145 (Colo.1999). In *Terry,* the court determined that, if the statute setting forth the substantive criminal offense mandates sentencing under the violent crimes statute, such offense is considered a per se crime of

violence not subject to the procedural requirements of §§ 16–11–309(4) and 16–11–309(5), C.R.S.1999. Those subsections require the prosecution to separately plead and prove a crime of violence count. Therefore, the court determined, a defendant convicted of a per se crime of violence must be sentenced under § 16–11–309. Conversely, if the substantive criminal statute does not specifically require sentencing under the violent crimes statute, a prosecutor is required to plead and prove a violent crime count against a defendant before such sentence may be imposed. *See Terry v. People, supra.*

More recently, a division of this court concluded that *People v. Banks, supra,* had been implicitly overruled by *Terry.* The division determined that a juvenile offender, convicted of a per se crime of violence after the transfer of jurisdiction to the district court, must be sentenced under §§ 18–1–105 and 16–11–309, even if the prosecution did not separately plead and prove a crime of violence. *See People v. Lee,* 989 P.2d 777 (Colo. App.1999) (determining that second degree assault is a per se crime of violence requiring imposition of sentence under § 16–11–309 even though the crime of violence was not separately charged and proved). We agree with the reasoning of *Terry* and *Lee* and conclude that defendant's sentence is valid.

Here, defendant was convicted of aggravated robbery under § 18–4–302(1)(b). Under § 18–4–302(4), the trial court is required to sentence a defendant so convicted "in accordance with the provisions of § 16–11–309." Because the plain language of § 18–4–302(4) mandates the imposition of such sentence, aggravated robbery under § 18–4–302(1)(b) is considered a per se crime of violence. Therefore, a conviction of aggravated robbery under these circumstances is a conviction of a crime of violence even if a crime of violence is not separately charged and proven.

█ Accordingly, because § 19–2–806(1)(d) mandates the imposition of a sentence under § 18–1–105 if a juvenile is convicted of a crime of violence after jurisdiction is transferred to the district court, that district court had no authority or discretion to consider a juvenile disposition. *See People v.*

*Lee, supra* (because second degree assault is a per se crime of violence, juvenile's conviction in district court on this charge is a conviction of a crime of violence and mandates sentencing under the provisions of § 18–1–105); *People v. Zamora,* 13 P.3d 813 (Colo.App. 2000) (if juvenile over age fourteen is charged with a crime requiring sentencing under § 16–11–309, prosecution may directly file the information in district court pursuant to § 19–2–517(1)(a)(II)(A), C.R.S. 1999, without charging juvenile with a separate crime of violence count).

The order is affirmed.

Judge JONES and Judge NEY concur.