The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Steven Lawrence ZAMORA, Defendant–Appellant.

No. 98CA0817.

Colorado Court of Appeals, Div. III.

April 27, 2000.

Rehearing Denied July 6, 2000.

Certiorari Denied Nov. 20, 2000.

Ken Salazar, Attorney General, Kim L. Montagriff, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Steven Lawrence Zamora, appeals the judgment of conviction entered on a jury verdict finding him guilty of aggravated robbery and conspiracy to commit aggravated robbery. We affirm.

On April 27, 1997, two men robbed a pawnshop at gunpoint. Several weeks later, incriminating evidence of the robbery was recovered in the possession of the defendant and another man.

The police subsequently interviewed defendant. Since he was seventeen years old at the time, his parents were present. Defendant initially denied involvement, but then confessed. He indicated that he and another man planned to rob the shop, and then did so. He then took the police to the place where he had hidden guns stolen from the pawnshop.

Following a jury trial in district court, defendant was convicted of one count of aggravated robbery and one count of conspiracy to commit aggravated robbery. The trial court sentenced him to a fifteen-year term of incarceration on the aggravated robbery conviction, and a consecutive five-year term on the conspiracy conviction. This appeal followed.

I.

Defendant first claims that the district court lacked jurisdiction because there was no basis for the direct filing of the information in district court. We disagree.

Section 19–2–517(1)(a)(II)(A), C.R.S.1999, provides that a juvenile may be charged by the direct filing of an information in the district court, when:

The juvenile is fourteen years of age or older and ... [i]s alleged to have committed ·a felony enumerated as a crime of violence pursuant to section 16–11–309, C.R.S.

Section 16–11–309(2)(a)(I), C.R.S.1999, defines crimes of violence as:

[A]ny of the crimes specified in subparagraph (II) of this paragraph (a) committed, conspired to be committed, or attempted to be committed by a person during which, or in the immediate flight therefrom, the person:

(A) Used, or possessed and threatened the use of, a deadly weapon; or

(B) Caused serious bodily injury or death to any other person except another participant.

(II) Subparagraph (I) of this paragraph (a) applies to the following crimes: ...

(F) Aggravated robbery;

Defendant was seventeen years old on the date of the offenses. The prosecution filed an amended information directly with the district court, in which it charged defendant with aggravated robbery and conspiracy to commit aggravated robbery.

Defendant claims that the information could not have been filed in district court, under § 19–2–517(1)(a)(II)(A), because the prosecution failed to allege that he had committed a crime of violence. Section 16–11–309(4), C.R.S.1999, requires that in any case in which the accused is charged with a crime of violence, "the indictment or information shall so allege in a separate count." Because defendant was not charged with a separate count of committing a crime of violence, he argues that the direct filing was improper and the district court was, therefore, without jurisdiction.

Defendant refers us to *People v. Banks*, 983 P.2d 102 (Colo.App.1999)(*cert. granted* Sept. 13, 1999), for the proposition that if a defendant is charged with a crime of violence, as defined in § 16–11–309(2)(a), the information must so allege in a separate count. Because the defendant in *Banks* was not separately charged with having committed a crime of violence, and the jury did not

816

make a specific finding to that effect, the court found that the defendant had not been convicted of a crime of violence for enhanced sentencing purposes. *People v. Banks, supra.*

However, in *Terry v. People*, 977 P.2d 145 (Colo.1999), the supreme court held that if an express provision of a substantive criminal statute requires sentencing in accordance with the crime of violence statute, then a separate crime of violence count, otherwise mandated by § 16–11–309(4), is not required. *See also People v. Lee*, 989 P.2d 777, 782 (Colo.App.1999)("to the extent that *People v. Banks, supra,* would require the prosecution separately to charge and prove a *per se* crime of violence before the [extraordinary risk of harm sentencing provisions] apply, it has been implicitly overruled"); *People v. Wadley*, 890 P.2d 151 (Colo.App.1994).

Defendant was charged with aggravated robbery under § 18–4–302(1)(b), C.R.S.1999. The statute expressly provides that if a defendant is convicted of aggravated robbery, the court must sentence the defendant in accordance with the crime of violence sentencing statute. Section 18–4–302(4), C.R.S. 1999.

Because the underlying criminal statute requires sentencing under § 16–11–309, the prosecution was not required to charge defendant with a separate crime of violence count.

■ Accordingly, under this analysis, we conclude that if a juvenile over the age of fourteen is charged with a crime requiring sentencing under § 16–11–309, as here, the prosecution may charge the defendant by directly filing an information in the district court, pursuant to § 19–2–517(1)(a)(II)(A), without charging the juvenile with a separate crime of violence count pursuant to § 16–11–309(4). *See People v. Hoang*, 13 P.3d 819 (Colo.App. 2000) (finding that because the juvenile defendant was convicted of a *per se* crime of violence, aggravated robbery, the sentencing court had no authority to consider a juvenile disposition under § 18–1–105).

## II.

■ Defendant next contends that the trial court failed to make specific findings and conclusions as to the voluntariness of his incriminating statements to the police. We disagree.

In a pretrial suppression motion, defendant claimed that he was not advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that his statements were not made voluntarily. During the hearing on the motion, the detective who took his statement testified that defendant and his parents were given *Miranda* warnings. In contrast, defendant and his mother testified that they were not advised of his *Miranda* rights.

The trial court ruled that it believed the testimony of the detective. As a result, it found that defendant "was properly *Mirandized,*" there was no undue influence on the defendant, the defendant was very cooperative, and the court found, by a preponderance of the evidence, his statement was voluntarily made. Defendant's motion was, therefore, denied.

■ In ruling on a motion to suppress, a trial court is required to make specific findings of fact on the issue of voluntariness. *See Espinoza v. People*, 178 Colo. 391, 497 P.2d 994 (1972)(remanded for additional findings when the court denied the motion to suppress without making any findings whatsoever on the issue). *See also Martinez v. People*, 174 Colo. 125, 482 P.2d 375 (1971)(the court must make findings of fact and conclusions of law that the statements under consideration were voluntarily given).

Here, the record reveals that the trial court's findings of fact and conclusions of law were sufficient to sustain the denial of defendant's motion to suppress. The court specifically settled the only contested issue of fact by ruling that it believed the detective's testimony. *See Martinez v. People, supra* (the court must expressly resolve the contested factual issues). Moreover, it found that defendant and his parents were given *Miranda* warnings. It also found that there was no undue influence involved, and in fact, the court believed the detective's testimony that

defendant was very cooperative. From these findings, the court concluded that defendant's statements were voluntary.

Defendant argues that because there was conflicting evidence regarding whether his statement was voluntary or coerced, the court erred by not specifically ruling whether he had been threatened. Although it did not explicitly address this contention, the court did find that there was no undue influence and that defendant was very cooperative.

These findings of fact and conclusions of law are adequate for us to conclude that the trial court did not abuse its discretion. *People v. Litchfield*, 902 P.2d 921 (Colo.App. 1995)(a trial court's decision on a motion to suppress will not be reversed absent manifest prejudice or a clear showing of abuse of discretion).

### III.

Defendant next argues that the trial court erred in denying his request for a mistrial, after the detective who took his statement testified that he did not note defendant's initial denials in his police report because they were lies. We are unpersuaded.

On direct examination, the detective testified that defendant had confessed that he had planned and committed the robbery with a co-conspirator. On cross—examination, the detective testified that defendant had initially denied any involvement in the robbery. On re-direct, the prosecutor asked the detective why he did not write down the defendant's initial denials in his report. The detective answered:

> Since I've been doing law enforcement since 1973, I never had done that. They are basically what I feel are lies. I don't put lies in the report when the truth comes out later.

In a bench conference, the defense argued that the detective's testimony opened the door to impeachment questions regarding alleged lies that the detective recorded in his report related to the co-conspirator. After the court denied the defendant's request to admit the co-conspirator's report to impeach, the defense requested a mistrial based on several "improper" comments made by the

detective, including the testimony that he does not put lies in his reports. The judge denied the request for a mistrial.

On appeal, defendant claims that the detective's testimony was highly prejudicial and amounted to inadmissible credibility opinion evidence, citing *Tevlin v. People*, 715 P.2d 338 (Colo.1986)(expert cannot give opinion testimony with respect to whether child victim is telling the truth).

We agree with the trial court's assessment that the testimony at issue was not credibility opinion evidence. The detective testified that he did not believe defendant's initial statements of denial, after defendant later confessed, and that is why the initial denials were not in his report. We find that this testimony neither corroborated nor contradicted the veracity of the defendant.

Furthermore, even if the testimony could be characterized as inadmissible credibility opinion evidence, a trial court's evidentiary ruling will not be reversed where the error is harmless. An error in a criminal trial will be disregarded if there is not a reasonable possibility that the error "substantially influenced the verdict or affected the fairness of the trial proceedings." *Tevlin v. People, supra*, 715 P.2d at 342. In light of the other evidence of defendant's guilt, our review of the record indicates the detective's testimony at issue did not reasonably influence the verdict.

Finally, the evidence did not rise to the level of prejudice warranting a mistrial, which was the only remedy requested by the defense. *See People v. Conley*, 804 P.2d 240 (Colo.App.1990)(a mistrial should not be ordered except when prejudice is so substantial that its effect on the jury could not be remedied by lesser means).

We conclude that the trial court's decision to deny the motion for mistrial was not an abuse of discretion. *People v. Conley, supra.*

### IV.

Next, defendant claims that the trial court erred in imposing consecutive sentences on the aggravated robbery conviction

and the conspiracy to commit aggravated robbery conviction. Specifically, he contends that concurrent sentences should have been imposed, pursuant to § 18–1–408(3), C.R.S. 1999, because the same evidence supported the two offenses. We disagree.

As noted, the trial court sentenced defendant to fifteen years of confinement on the aggravated robbery conviction, and a consecutive five years for the conspiracy conviction. During sentencing, the court concluded that the defendant's convictions were not established by identical evidence. As such, the court was required to impose consecutive sentences for the multiple crimes of violence under § 16–11–309(1)(a), C.R.S.1999.

In *People v. Osborne,* 973 P.2d 666 (Colo. App.1998), a division of this court found that kidnapping and assault convictions were not established by the same evidence as the corresponding convictions of conspiracy. To prove conspiracy, the prosecution was required to establish that the defendant entered into an agreement to commit the crime, and performed an overt act in furtherance of the agreement. Therefore, identical evidence was not used to prove the defendant's guilt as a complicitor and a conspirator. *People v. Osborne, supra.*

Here, defendant confessed that he and his co-conspirator agreed and planned to rob the pawnshop. The evidence of the aggravated robbery was, principally, that some of the stolen goods were recovered in defendant's possession after he confessed to the robbery, and the pawnshop clerks' testimony that they were threatened at gunpoint.

We therefore conclude that the evidence to prove the underlying crime and the crime of conspiracy was not identical. *People v. Osborne, supra. See also Qureshi v. District Court,* 727 P.2d 45 (Colo.1986); *People v. Madonna* 651 P.2d 378 (Colo.1982). Hence, the court properly imposed consecutive sentences under § 16–11–309(1)(a).

## V.

Finally, defendant argues that the trial court erroneously believed that the minimum sentencing range for the conspiracy to commit aggravated robbery conviction was five years. We disagree.

Conspiracy to commit aggravated robbery is a class 4 felony, with a presumptive range of between two and six years. Section 18–1–105(1)(a)(V)(A), C.R.S.1999.

Two years are added to the presumptive range for crimes classified as extraordinary risk of harm to society crimes; extraordinary risk crimes include any crime of violence as defined in § 16–11–309, C.R.S.1999. Section 18–1–105(9.7), C.R.S.1999. In this case, the presumptive range was modified from between two and six years to between two and eight years.

Finally, because conspiracy to commit aggravated robbery is a *per se* crime of violence, as discussed above, sentencing to a term of incarceration of at least the midpoint in the presumptive range is required. Section 16–11–309(1)(a), C.R.S.1999; *Terry v. People, supra,* 977 P.2d at 149 (*per se* crimes of violence are those statutory offenses "mandating violent crime sentencing"). The midpoint of the range between two and eight years is five years.

Accordingly, the trial court correctly concluded that the minimum sentence in this case was five years on the conspiracy to commit aggravated robbery conviction. *See People v. Terry,* 961 P.2d 500 (Colo.App. 1997)(the minimum sentence required for a conviction of conspiracy to commit aggravated robbery is five years).

Judgment affirmed.

Judge JONES and Judge TAUBMAN concur.