**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**John R. SWEENEY, Defendant– Appellant.**

**No. 01CA1109.**

Colorado Court of Appeals, Div. I.

May 8, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

**1134**

Ken Salazar, Attorney General, Anthony J. Navarro, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, John R. Sweeney, appeals the judgment of conviction entered upon a jury verdict finding him guilty of two counts of aggravated robbery and one count of conspiracy to commit aggravated robbery. He also appeals his sentence. We affirm.

In April 1998, a hotel was robbed. Two hotel employees were ordered at gunpoint to the hotel back office by the masked robber. One employee testified that the robber demanded to be taken to the "manager on duty bank." He took cash from the hotel safe and two cash registers.

Defendant was convicted and sentenced to consecutive sentences of thirty-two years on each of the aggravated robbery convictions and to twelve years for the conspiracy conviction.

## I.

Defendant argues the trial court erred and violated his constitutional right to confront witnesses by admitting a witness's hearsay statements. We conclude that the court correctly ruled that defendant's conduct amounted to an adoptive admission.

When defendant and his accomplice, J.W., returned home after committing the robbery, they encountered J.W.'s roommate, C.N. In defendant's presence, J.W. showed C.N. a pillowcase stuffed with money. At trial, C.N. explained, "[J.W.] ... told me ... they ... robbed the hotel." J.W. admonished C.N. to keep quiet about the incident, and then defendant raised his shirt to reveal a pistol, punctuating J.W.'s comments. Defense counsel lodged a hearsay objection to this testimony.

After a bench conference, the court admitted the evidence as an adoptive admission and as admissible hearsay because it included a statement against penal interest.

■ CRE 801(d)(2) states, in relevant part, that a statement is not hearsay if the statement is offered against a party and is "(A) the party's own statement in either an individual or a representative capacity, or (B) a statement of which the party has manifested an adoption or belief in its truth." In sum, a statement is not hearsay if it is offered against a party who has, by words or conduct, manifested a belief in the truth of the statement. *See People v. Green*, 629 P.2d 1098 (Colo.App.1981).

■ In determining whether a defendant has adopted another's incriminating statement, a trial court should consider whether: (1) the statement is such that an innocent defendant would normally be induced to respond; (2) the defendant heard and understood the statement made in his presence; and (3) he could have denied or objected to the statement without emotional or physical impediment. *People v. Quintana*, 665 P.2d 605 (Colo.1983).

■ Adoptive admissions are particularly troublesome in criminal cases because of constitutional constraints against inferences to be made from a defendant's silence. *People v. Green, supra.* However, in a noncustodial setting, silence in the face of an accusation of wrongdoing gains probative weight when it occurs in circumstances where the silent party could be expected to disagree with the statement. *People v. Quintana, supra; see United States v. Aponte*, 31 F.3d 86 (2d Cir.1994)(the defendant was deemed to have adopted accomplice's statement that accomplice had robbed a post office truck and that defendant was in the car); *United States v. Jenkins*, 779 F.2d 606 (11th Cir.1986)(the defendant's silence in the face of cohort's statement to a third person that the third person had to "get some money up" to pay for cocaine was adoptive and admissible as some proof of conspiracy).

Here, the following testimony was taken:

Prosecutor: [C.N.], what did [J.W.] tell you, regarding that—that pillowcase filled with money?

C.N.: Basically said that we had done something, we, you know, robbed the hotel, and we can't let this get out.

Prosecutor: When he said we can't let this get out, did you take that as—as a threat?

Defense Counsel: Objection, leading.

Court: Overruled. Proceed.

C.N.: No.

Prosecutor: Were you threatened—when [J.W.] said we can't let this get out, did [defendant] do anything?

C.N.: Shortly after, [J.W.] said basically if you—if you say anything, you know what's going to happen, and points—didn't point at [defendant], but looked at [defendant], and at that time [defendant] lifted up his shirt, and tapped on his gun and said yeah that is what is going to happen.

Prosecutor: Did [defendant] say I didn't rob the Holiday Inn?

C.N.: No.

■ The conduct here was more than mere silence. There was active conduct by defendant demonstrating his adoption of J.W.'s statements. Defendant tapped his pistol while present in the same room with the stolen money when it was produced to the witness. This is the type of conduct CRE 801(d)(2) intended to remove from the category of hearsay. Defendant's conduct clearly indicated that he understood what was being said and the implication that remaining quiet about it was absolutely necessary.

Thus, the trial court properly admitted the statements and conduct as an adoptive admission, and there was no violation of defendant's right of confrontation. *See United States v. Allen,* 10 F.3d 405 (7th Cir.1993)(because adoptive admission is a statement the defendant has adopted as his own, the defendant himself is the declarant); *Poole v. Perini,* 659 F.2d 730 (6th Cir. 1981)(no confrontation issue where a defendant adopts a statement as his own).

In light of our decision, we need not reach defendant's contention that the declarant's unavailability was a missing ingredient to a proper hearsay exception, and therefore, the statement was not admissible as a statement against penal interest.

## II.

Defendant contends that the trial court violated his right to confrontation by preventing him from cross-examining C.N. concerning specific instances of prior conduct for purposes of impeaching his credibility. We are not persuaded.

■ Whether to allow an inquiry into specific instances of prior conduct is within the discretion of the trial court. Absent a showing of an abuse of discretion, the trial court's rulings will not be disturbed on review. *People v. Caldwell,* 43 P.3d 663 (Colo. App.2001). Abuse of discretion occurs when the ruling is manifestly arbitrary, unreasonable, or unfair. *People v. Banks,* 983 P.2d 102 (Colo.App.1999), *aff'd,* 9 P.3d 1125 (Colo. 2000).

■ The Confrontation Clause ensures that a defendant has the opportunity to engage in "effective cross-examination of witnesses against him." It does not provide the power to require the "disclosure of any and all information that might be useful in contradicting unfavorable testimony." "Effective cross-examination only requires that the trial judge not limit the scope of cross-examination so that it prevents the jury from having sufficient information to make a 'discriminating appraisal' of the relevant issue." *People v. Dist. Court,* 869 P.2d 1281, 1288 (Colo.1994)(quoting *Tapia v. Tansy,* 926 F.2d 1554, 1559 (10th Cir.1991)).

CRE 608(b) states, in relevant part, that "[s]pecific instances of the conduct of a witness" may "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ... concerning his character for truthfulness or untruthfulness."

■ At a pretrial hearing, C.N. testified that he had committed one theft. In a police interview several months later, he admitted he had committed numerous thefts. Defendant sought permission to question C.N. about this instance of lying under oath and about another instance where C.N. had passed counterfeit money. The trial court denied both requests, stating, "[t]here are limits as to a person's prior criminal history, and those include felonies, or incidents which are pending during this proceeding or crimes which involve issues of truthfulness ... but as far as other incidents, that's beyond the scope of what you can ask this witness."

When defense counsel asked to clarify the record regarding this issue, the court stated, "I think that it's just—a way of getting into

areas which are not recognized and valid impeachment areas dealing with misdemeanor convictions."

The court had discretion in applying CRE 608, and there is no evidence to suggest that defense counsel intended to use any prior felony for impeachment. *See* § 13–90–101, C.R.S.2002.

The pretrial hearing transcript is not included in the record. Thus, we are unable to evaluate C.N.'s testimony compared with his statements in the interview. Regardless, the jury heard sufficient information about C.N. to assess his credibility.

We find no abuse of discretion and no violation of defendant's confrontation right in the trial court's decision to limit cross-examination.

### III.

Defendant argues that the jury instructions do not distinguish between the two charged counts of aggravated robbery and, thus, only one conviction can stand. We find this contention unavailing.

The jury instructions stated that the elements of aggravated robbery included that the defendant knowingly "took anything of value from the person or presence of [V.B.] and/or [A.S.], by the use of force, threats, or intimidation against [V.B.] and/or [A.S.], and ... put [V.B.] and/or [A.S.], or any other person, in reasonable fear of death or bodily injury."

The verdict form for Count I was captioned, "Jury Verdict, Count I, Aggravated Robbery: [A.S.]." The verdict form for Count II was captioned: "Jury Verdict, Count II, Aggravated Robbery: [V.B.]."

Defendant contends that the use of "and/or" could have led the jury to convict him of both counts based on the finding that he took property from only one of the named victims. We are not persuaded.

A defendant must make all objections he or she has to jury instructions before their submission to the jury. Crim. P. 30; *People v. Stewart*, 55 P.3d 107 (Colo.2002).

Defendant did not object to the instructions. Thus, we review for plain error. Plain error is grave error that seriously affects the substantial rights of the accused. It is an error that is "both obvious and substantial." In the context of jury instructions, plain error occurs when the entire record demonstrates a reasonable possibility that the improper instruction contributed to the defendant's conviction. *People v. Stewart, supra*, 55 P.3d at 120.

In his opening brief, defendant concedes, "Of course, it is possible that the jury's verdicts reflect what was charged—a taking from the person or presence of [A.S.] in Count I, and a taking from the person or presence of [V.B.] in Count II." We agree. In light of the evidence and the verdict forms, there was no reasonable possibility that the instruction contributed to defendant's conviction. Although the use of the "and/or" phrase made the instructions less than a model of clarity, a reasonable jury would not interpret the instructions to permit two aggravated robbery convictions where defendant took property from only one victim during a single episode. Therefore, we find no plain error.

### IV.

Defendant contends that he was improperly convicted of two counts of aggravated robbery because he took property owned by a single entity, the hotel, and thus his sentence must be vacated. In light of *People v. Borghesi*, 66 P.3d 93 (Colo.2003), we disagree.

In *Borghesi*, the supreme court held that "a robber may be convicted of more than one count of robbery by taking commonly-owned property from more than one person." *People v. Borghesi, supra*, 66 P.3d at 95. The supreme court relied on the common law definition of robbery to determine that the assaultive nature of the crime indicates that robbery statutes are primarily intended to protect persons rather than property. The supreme court further held that "[c]harging, convicting, and sentencing a robber on multiple counts of robbery based upon the number of persons in control of the property taken does not offend multiplicity principles be-

cause each person who is subject to force and intimidation constitutes a victim of a separate offense under our robbery statutes." Thus, "a robber may be convicted of more than one count of robbery for a single taking of property from more than one person." *Borghesi, supra,* 66 P.3d at 95.

 Similar to the facts in *Borghesi,* here, both hotel employees at the front desk had sufficient control over the hotel's property when defendant brandished a gun and demanded to be taken to the safe. Although only one employee handed the money to defendant, the cash was taken from the presence of both employees. Because the common property taken from the first employee was taken from the second employee's presence, defendant's acts constitute separate offenses as to each victim.

Therefore, defendant was punished for two separate offenses, and the conviction is not multiplicitous.

### V.

Defendant contends that the trial court erred in imposing consecutive rather than concurrent sentences. We are not persuaded.

Section 18-1-408(3), C.R.S.2002, provides, in relevant part, that "[w]hen two or more offenses are ... supported by identical evidence," "the sentences imposed shall run concurrently; except that, where multiple victims are involved, the court may, within its discretion, impose consecutive sentences."

 Here, the evidence of defendant's participation in the robberies consisted of his postrobbery confessions to P.F. and V.D. and evidence showing that J.W. forcibly took property from the victims.

The primary evidence supporting the conspiracy charge was V.D.'s description of defendant's prerobbery telephone discussions in which he planned the crimes with J.W. During closing argument, the prosecution emphasized this separate conspiracy evidence.

The conspiracy conviction was not based on the same evidence as the robbery convictions. Thus, the trial court did not abuse its discretion in imposing consecutive sentences. *See People v. Madonna,* 651 P.2d 378 (Colo.1982)(conspiracy conviction considered a separate and distinct offense from the object of the conspiracy and thus may be punishable by consecutive sentence); *People v. Zamora,* 13 P.3d 813 (Colo.App.2000).

The judgment and sentence are affirmed.

Judge VOGT and Judge STERNBERG * concur.